UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RASHAUD COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:23-CV-30-KAC-DCP |
| ) | 3:19-CR-15-KAC-DCP-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

This matter is before the Court on Petitioner Rashaud Coleman's pro se "Brief in Support of 28 USC § 2255 Motion to Vacate Void Judgment Base [sic] Upon Fraud, Ineffective Assistance of Counsel and Defective Indictment in Above Case Number" [Doc. 479][1], which the Court has construed as a Section 2255 Petition [*See* 3:23-cv-30, Doc. 3]. For the reasons that follow, the Court concludes that an evidentiary hearing is not necessary and **DENIES** Petitioner's Section 2255 Petition.

**I.    Standard of Review**

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence, based on an assertion (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court lacked jurisdiction to impose the sentence; or (3) that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). At a minimum, to obtain post-conviction relief under Section 2255, a motion must allege: (1) an error of constitutional

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:19-cr-15.

magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A petitioner bears the burden of demonstrating an error of constitutional magnitude. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). To obtain collateral relief under Section 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b); *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states 'only bald legal conclusions with no supporting factual allegations.'" (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963))). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 8. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). But an evidentiary hearing is not required "if the petitioner's allegations cannot be

2

accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

## II. Factual Background

Between August 2018 and January 2019, Petitioner conspired with others to distribute Fentanyl [Doc. 411 at 7-9, *sealed]. On August 27, 2018, Petitioner distributed a substance containing Fentanyl to L.V.D. [*Id.* at 7, *sealed]. Later that evening, L.V.D. died of a drug overdose [*Id.*]. On August 27, 2018, R.P. obtained a controlled substance containing Fentanyl from Petitioner [*Id.*]. R.P. died of a fentanyl overdose in the "early morning hours" of August 28, 2018 [*Id.*]. During a January 2019 traffic stop, Petitioner had twenty (20) grams of heroin and five (5) grams of marijuana on his person [*Id.* at 9].

A grand jury charged Petitioner with (1) conspiracy to distribute 400 grams or more of fentanyl, and one hundred grams or more of heroin, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) (Count One); (2) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h) (Count Two); (3) distribution of a quantity of fentanyl on or about August 27, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), with an enhanced penalty under 21 U.S.C. § 841(b)(1)(C) because a death resulted from the use of the controlled substance (Count Three); and (4) a separate distribution of a quantity of fentanyl on or about August 27, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), with an enhanced penalty under 21 U.S.C. § 841(b)(1)(C) because a death resulted from the use of the controlled substance (Count Four) [Docs. 153, *sealed; 154 (Second Superseding Indictment)].

Petitioner pleaded guilty to conspiracy to distribute forty (40) grams or more of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), a lesser included offense of Count One [*See* Docs. 340, 347]. He also pleaded guilty to two counts of distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), without a death-resulting enhancement, lesser included offense of Counts Three and Four [*See* Docs. 340, 357]. In his Plea Agreement, Petitioner waived his right to "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack [his] conviction(s) and/or resulting sentence," subject to two exceptions [Doc. 340 ¶ 10(b)]. Petitioner "retain[ed] the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel" [*Id.*]. Pursuant to Rule 11(c)(1)(C), the Parties both agreed that "a sentence of 180 months is an appropriate disposition of this case" [*Id.* ¶6].

On January 21, 2022, the Court ultimately accepted the Parties' 11(c)(1)(C) agreement and sentenced Petitioner to 180 months' imprisonment [*See* Doc. 446]. Petitioner did not appeal, and his conviction became final on February 4, 2022. *See, e.g., Sanchez Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) (holding that an unappealed district court judgment becomes final "upon the expiration of the period in which the defendant could have appealed to the court of appeals").

On January 24, 2023, Petitioner filed the instant Section 2255 Petition [*See* Doc. 479]. The caption of Petitioner's Section 2255 Petition purports to assert fraud, ineffective assistance of counsel, and a defect in the Second Superseding Indictment as grounds for relief [*See id.*]. In support of his Section 2255 Petition, Petitioner alleges that "the United States of America is a fiction" and "cannot be cross examined," constituting "a clear fraud, where the proper party is not present or identified" [*Id.* at 1]. Petitioner claims that "keeping this fact from [him] in the initial

4

proceedings violated [his] due process" and created a "Conflict of Interest" [*Id.*]. Petitioner asserts that "[t]he Court, and U.S. Attorney were suppose[d] to inform the defendant of the conflict . . . but failed to do so," causing Petitioner to be "prejudiced . . . by and through subornation of perjury" to Petitioner's "detriment by coercing him into an unconscionable plea agreement that was taken unknowingly and unintelligently" [*Id.*]. Petitioner also asserts that the Second Superseding Indictment "failed to charge the implementing regulation, therein failing to charge any offense that had the force of law" [*Id.* at 2].

### III. Analysis

As an initial matter, no evidentiary hearing is required to assess this Section 2255 Petition. Petitioner's allegations are chiefly "conclusions rather than statements of fact," but where he offers some factual allegations, those are "inherently incredible." *See Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). So the Court proceeds on the current record.

#### A. Petitioner's claims of "fraud" and "defective indictment" are barred by his knowing and voluntary Section 2255 waiver.

*First*, the valid Section 2255 waiver in Petitioner's plea agreement bars Petitioner's claims of "fraud" and "defective indictment." With two limited exceptions for "(i) prosecutorial misconduct and (ii) ineffective assistance of counsel," Petitioner knowingly and voluntarily waived his right to collaterally attack his underlying sentence or conviction [*See* Docs. 340 ¶ 10(b); 357]. Petitioner knowingly and voluntarily signed a Plea Agreement agreeing to the waiver, and he reaffirmed under oath that he specifically understood that waiver when he pled guilty [*See id.*]. Petitioner's claims of "fraud" and "defective indictment" do not fall within either of these limited exceptions. Accordingly, Petitioner waived his right to file these claims, and the Court must dismiss the claims on that basis. *See Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)

5

("[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [Section 2255] relief.").

### B. Petitioner fails to state a claim for ineffective assistance of counsel.

***Second***, although Petitioner includes "ineffective assistance of counsel" as a basis for his Petition, his Petition does not identify any act or omission by counsel that could support such a claim. A petitioner alleging ineffective assistance of counsel "must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense." *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, Plaintiff does not argue that his counsel's performance was deficient or that such deficient performance prejudiced his defense. But even if the Court presumes that Petitioner would argue that counsel was deficient for not raising the issues of "fraud" and "defective indictment" identified in the Section 2255 Petition, Petitioner's argument would fail because those claims are completely meritless. *United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel."). "[A]ssert[ing] that the federal government is illegitimate" and insisting that you are, therefore, "not subject to its jurisdiction" for purposes of indictment or prosecution "has no conceivable validity in American law." *See United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir. 2014) (citations omitted). Further, no implementing regulation was required to be promulgated for the United States to enforce 21 U.S.C. §§ 846 or 841—the statutes that Petitioner violated. *See* 21 U.S.C. §§ 846, 841. Accordingly, Petitioner's Section 2255 Petition fails.

## IV. Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 479] and **DISMISSES** Petitioner's civil action, Case No.: 3:23-cv-30-KAC-CRW.

IT IS SO ORDERED.

_/s/ Katherine A. Crytzer_
KATHERINE A. CRYTZER
United States District Judge

7

Case 3:23-cv-00030-KAC-DCP   Document 6   Filed 06/05/23   Page 7 of 7   PageID #: 25